IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYLVESTER MILLER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case Number CIV-05-1476-C |
| HASKELL HIGGINS, | ) ) ) |
| Respondent. | ) ) |

**O R D E R**

This 28 U.S.C. § 2254, action for habeas corpus relief brought by a state prisoner proceeding pro se, was referred to United States Magistrate Judge Doyle W. Argo, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Argo entered a Report and Recommendation on January 19, 2006, recommending the Petition be dismissed as untimely. Petitioner filed a timely objection, and the Court therefore considers the matter de novo.

The Magistrate Judge properly raised, *sua sponte*, the timing of Petitioner's complaint. As made clear on the face of the Petition, Petitioner's judgment of conviction was entered on December 19, 2003, and the present action was not filed until December 20, 2005. Judge Argo noted that although Petitioner had sought post-conviction relief in the state court, that filing could not toll expiration of the limitations period set forth in 28 U.S.C. § 2244(d), because the AEDPA[1] limitations period had expired prior to filing for state post-conviction relief. Finding no basis to toll the limitations period, Judge Argo recommended dismissal of the Petition.

---

[1] Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1).

In his objection, Petitioner asserts the limitations period should be tolled because he was held in the Oklahoma County Jail until July 14, 2004, and that facility offers neither legal representation nor a law library. Therefore, Petitioner argues the limitation period should not begin running until his July 14, 2004, arrival at a facility with an adequate law library. According to Petitioner, using the July 14, 2004, date, his July 5, 2005, state post-conviction relief was timely and therefore tolled the limitations period for his 28 U.S.C. § 2254 claim.

Petitioner's objection fails for two reasons. First, Petitioner's bare allegation that he lacked access to a law library is insufficient to toll the running of the limitations period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (internal citation omitted) ("[Petitioner] has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). "[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Here, it is undisputed that Petitioner waited in excess of eleven months after arriving at a facility with adequate law facilities to begin the state post-conviction process. Such a delay fails to demonstrate "diligent pursuit."

The second reason Petitioner's tolling claim must fail is related to the delay in pursuing state post-conviction relief. As Petitioner notes in his objection, pursuant to 28

U.S.C. § 2244(d)(2), the limitations period is tolled while a properly filed[2] application for post-conviction relief is pending in state court. Even were the Court to accept Petitioner's arguments that (1) the time period should be tolled until his July 14, 2004, arrival at a facility with an adequate law library and (2) the time his state court post-conviction relief motions were pending should be excluded, the Petition was still not timely filed. Petitioner's application for state post-conviction relief was filed on July 5, 2005. At that time, 356 days had elapsed from the one-year AEDPA limitations period. After the District Court of Oklahoma County denied the petition,[3] Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA denied the appeal on November 22, 2005, which would, under Petitioner's theory, restart the AEDPA clock.[4] Twenty-eight days later, on

---

[2] Petitioner's failure to file for state post-conviction relief prior to the expiration of the AEDPA limitations period prevents that filing from being "proper." See Pace v. DiGuglielmo, --- U.S. ---, 125 S.Ct. 1807, 1812 (2005); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

[3] The time between the denial and the appeal counts in the limitations period calculation. However, because that information is not present on the face of the Petition and would only increase the untimeliness of the present Petition, the Court will not consider it.

[4] Although there is no evidence Petitioner sought additional relief after the denial of his appeal by the OCCA, such actions would not affect the above calculations. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999):

> We hold that the limitation period was tolled only while petitioner was seeking state court review of his post-conviction application. See Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999) (holding that the term "pending" in § 2244(d)(2) must be construed "to encompass all of the time during which a state prisoner is attempting, *through proper use of state court procedures*, to exhaust *state court remedies* with regard to a particular post-conviction application." (emphasis added)). The time after the Oklahoma Court of Criminal Appeals finally denied his post-conviction application until the United States Supreme Court denied his petition for certiorari was not "time during which a properly filed application for State post-conviction . . . review. . . [was] pending," and, therefore, it should be counted toward the one-year limitation period. 28 U.S.C. § 2244(d)(2).

December 20, 2005, Petitioner filed the present Petition. With the time that elapsed prior to filing for state post-conviction relief and the time that expired prior to filing the present § 2254 motion, § 2244 mandates that, even granting Petitioner tolling until July 14, 2004, the present case was filed nineteen days after the limitations period had expired.

As set forth more fully herein, Petitioner has failed to offer any basis to counter the Report and Recommendation of the Magistrate Judge. Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, this petition for habeas corpus relief is DISMISSED, as untimely. Because no amendment can cure the defect, this dismissal acts as an adjudication on the merits. A judgment will enter accordingly.

IT IS SO ORDERED this 15th day of February, 2006.

ROBIN J. CAUTHRON
United States District Judge